# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 4:19-CR-15 |
| v. ) | |
| ) | JUDGES MCDONOUGH/LEE |
| HARRISON YANG ) | |

## DEFENDANT'S SENTENCING MEMORANDUM

This Memorandum is submitted to assist the Court in fashioning a sentence "sufficient" to comply with the purposes of sentencing as set forth in 18 U.S.C. §3553 (a)(2), but not "greater than necessary." Before addressing the specifically enumerated §3553 (a)(2) factors, Defendant offers a preliminary statement in order to provide context (beyond that already provided in the Presentence Report ("PSR")) for the application of those factors.

## PRELIMINARY STATEMENT

As demonstrated by the numerous letters of support provided to the Court, Dr. Yang is a compassionate, caring and attentive physician. He is highly respected by the public, his patients his peers and everyone in healthcare in his community.

Dr. Yang received his medical degree in Taiwan in 1970. After moving to the United States in 1971, he continued his medical education. He had internship training in pathology while at UAB Birmingham. He had an internal medicine residency in Connecticut and internal medicine residency and cardiology fellowship New York until 1977 and received his Board Certification in Internal Medicine. He moved to Manchester Tennessee in 1977 where he has lived and practiced

since that time. While practicing in Manchester, he received additional Board Certifications in cardiology, geriatric medicine and critical care

Dr. Yang is the only cardiologist in the Manchester area, and the only cardiologist on active staff at Unity Medical Hospital in Manchester and available in-house consultation emergencies. An arrangement must be made for Dr. Yang to prescribed Schedule II drugs for hospital in-patients and nursing home residents.

Dr. Yang has expressed remorse and has acknowledge responsibility for his behavior in prescribing the narcotics to his patient, S.H. He made a mistake. As set forth in the letters from his peers[1], however, he is an ethical and responsible physician:

> I have known and been a colleague of Dr. Yang's for greater than 35 years now. As a practicing family doctor in this area I have had the opportunity to observe his character very closely. I have frequently had Dr. Yang do consults on my patients in the areas of internal medicine and cardiology. He remains certified in both these fields. He may be one of the most compassionate physicians I have had the pleasure to work with. I have never known him to turn down caring for needy patients; no matter what their financial, or insurance, status may be. He has always been there for the patient and is a true "patient advocate".
>
> Dr. Albert Brandon

> I have had the pleasure of working closely with Dr. Harrison Yang for over 15 years. I have rounded with him personally as he goes to see his patients in their rooms. In the process of rounding I have observed how caring and attentive he is to each of his patients. He meets the needs of his patients by making sure to address every need and concern.
>
> Nurse Case Manager/Quality Coordinator Lisa Jones

---

[1] We will file the letters in support of Dr. Yang in two separate notices of filing – one for his peers in the medical community and another for those from his patients.

> Dr. Harrison Yang is a physician whose expertise is certainly above average. I have found him to be an excellent physician who has his patients' best interest always at heart, He and I through the years have had many conversations concerning his patients in an effort to arrive at the most appropriate diagnosis for those patients.
>
> He has been an excellent colleague in that he has been very supportive of our efforts to keep a small hospital in Manchester, which is a vital hospital to the community of Manchester, alive. He has been the leading provider at that hospital for well over 30 years. He has never asked for anything in exchange for his efforts.
>
> Dr. Wendell McAbee
>
> I am writing this letter on behalf of Dr. Harrison Yang. I have worked with him at Unity Medical Center for the last 18 months as he was a Hospitalist in our program. He is a very knowledgeable and caring physician who is well liked and respected by all staff and patients. He has always provided first class care to patients in Manchester for many years.
>
> Dr. Blal Zafar

The letters from his many patients are similarly compelling. The need for a physician like Dr. Yang in the Manchester community is substantial and vital.

An example of Dr. Yang's RIM Scorecard[2] for your consideration. As you may or may not be aware, in 2016, BlueCare of Tennessee requested axialHealthcare to conduct a scientific study on the patterns of physicians' opioid prescriptions. Axial used fifteen parameters to compile a composite RIM (Risk, Identification, and Mitigation) score regarding a practitioner's opioid prescribing behavior. Dr. Yang's score has always been in the median range in evidence-based opioid prescribing behavior since the inception of the RIM Score in 2016.

---

[2] The RIM Scorecard example will also be provided in a separate notice of filing

Dr. Yang has paid dearly for his behavior. Almost every healthcare payor in the State has excluded him from their networks. In a separate notice of filing we bill provide exclusion letters from: Blue Cross Blue Shield of Tennessee; United Healthcare; TennCare; the Tennessee Department of Health; Amerigroup; and Multiplan. Because Dr. Yang has, or will likely be, terminated from these networks, it will be very difficult for him to earn a living practicing medicine.

Dr. Yang respectfully requests that the Court consider all these matters in determining his sentence.

## APPLICATION OF 18 U.S.C. §3553(A) FACTORS

This Court needs no instruction regarding it broad discretion under the holding of <u>Gall v. United States,</u> 552 U.S. 38 (2007), and its progeny. A sentence of probation is appropriate under both <u>Gall</u> and the sentencing guidelines. Those factors are addressed below.

1. **18 U.S.C. § 3553(a)(1) The nature and circumstances of the offense and history and characteristics of the Defendant.**

The nature and circumstances of the offense are addressed in the statement of facts in the Plea Agreement and the corresponding paragraphs of the PSR. Likewise, the PSR succinctly summarizes his personal background and reports a criminal history score of zero. Dr. Yang's productive and law-abiding life before and after the conduct in question is discussed above.

2. **18 U.S.C. §3553(a)(2)(A) & (B) The need for the sentence imposed to reflect the Seriousness of the offense, to promote respect for the law, to provide just punishment for the offense and the need to afford adequate deterrence to criminal conduct.**

We address these factors jointly. The consequences of Dr. Yang's criminal conduct have been severe. His medical practice is now almost non-existent as a result of his exclusion by the

medical payors. He faces charges against him by the Tennessee Department of Health. The consequences of his conduct will have a severe effect on his personal and professional life.

Broadly stated, the goals of sentencing are retribution, deterrence, incapacitation and rehabilitation. *See e.g. United States v. Cole*, 622 F.Supp.2d 632 (N.D. Ohio 2008). Defendant acknowledges that his conduct was wrong. His acceptance of responsibility and the resulting consequences will surely deter others similarly situated from engaging in similar conduct, and simultaneously constitute considerable retributive steps. Dr. Yang will never engage in this kind of behavior again, and he has agreed to cease prescribing Schedule II drugs in his office. Likewise, the goal of rehabilitation is not implicated in this case, given Defendant's unblemished criminal history.

It cannot be overemphasized that whatever sentence this Court imposes, Dr. Yang will spend the remainder of his days as a convicted felon, which has profound consequences in itself.

**3. 18 U.S.C. §3553(a)(2)(C). The need for the sentence to protect the public from further crimes of the Defendant.**

Nothing in the PSR or otherwise in this record suggests that imprisonment is necessary to protect the public from other crimes of this Defendant. In fact, the United States has agreed that a non-custodial sentence is appropriate

**4. 18 U.S.C. §3553(a)(2)(D). The need for the sentence to provide the Defendant with training, medical care or other correctional treatment.**

Defendant submits this factor is inapplicable.

**5. 18 U.S.C. §3553(a)(3). The kinds of sentences available.**

Dr. Yang is fully eligible for probation under the applicable statutes and sentencing guidelines. As set forth in the Plea Agreement, the United States agrees that a "non-custodial

5

sentence" is appropriate. It is respectfully submitted that a sentence of one year of probation is appropriate in this case.

**6. 18 U.S.C. §3553(a)(4). The applicable category of offense committed by the applicable category of defendant as set forth in the sentencing guidelines.**

The sentencing guidelines support the conclusion that a probationary sentence is appropriate. A sentence of one year of probation would be sufficient to fulfill the purposes of sentencing..

**7. 18 U.S.C. §3553(a)(5). Any pertinent policy statement issued by the Sentencing Commission.**

Not applicable.

**8. 18 U.S.C. §3553(a)(6). The need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.**

It would be difficult to find a case that is extremely similar to the conduct in this case. In any event, given Probation's determination that there are no factors warranting a departure from the applicable guideline range, a sentence of one year of probation is appropriate.

**9. 18 U.S.C. §3553(a)(7). The need to provide restitution to any victims of the offense.**

Defendant is fully willing to pay $61.59 in restitution.

## Conclusion

It is respectfully submitted that a sentence of one year of probation would be sufficient to comply with the purposes set forth in 18 U.S.C. §3553 (a), and to serve the interests of justice.

Respectfully Submitted,

**NEAL & HARWELL, PLC**

By:    <u>s/ William T. Ramsey</u>
        William T. Ramsey, BPR # 09245 (TN)

1201 Demonbreun Street, Suite 1000
Nashville, TN 37219
(615) 244-1713 – Telephone
(615) 726-0573 – Facsimile
wtr@nealharwell.com

*Counsel for Defendant, Harrison Yang*

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing was filed electronically on November 29, 2019. Notice of this filing will be sent to all parties by operation of the Court's ECF electronic filing system. Parties may access this filing through the Court's system.

                                    <u>s/ William T. Ramsey</u>

7

Case 4:19-cr-00015-TRM-SKL   Document 31   Filed 11/29/19   Page 7 of 7   PageID #: 143